

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-20-00339-CV
_____

IN THE INTEREST OF J.D. AND J.D., CHILDREN

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 68,638-C, Honorable Jack M. Graham, Associate Judge Presiding

March 17, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, O.D., appeals from the trial court's order terminating his parental rights to his children, J.D. and J.D., in a suit brought by the Department of Family and Protective Services.[1]

On appeal, O.D. contends that the trial court reversibly erred by failing to appoint counsel to represent him at the termination hearing.[2]  The Department concedes that

_____

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b).  The mother's parental rights were also terminated in this proceeding.  However, she is not a party to this appeal.

[2] O.D., proceeding pro se, appealed the trial court's order of termination.  Because O.D. filed a statement of inability to afford costs with this Court, we abated the appeal and remanded the cause to the

reversible error exists on this record in that O.D. was incarcerated for the entirety of the case, his location was known, he filed a letter in opposition to termination a month before the trial, and no inquiry was made to determine his indigency. In its briefing, the Department cites to this Court's opinion in *In re J.M.,* 361 S.W.3d 734, 738-39 (Tex. App.—Amarillo Feb. 1, 2012, no pet.), and, based on our holding in that case, concedes the trial court reversibly erred.

After reviewing the record, we agree the circumstances presented are sufficiently similar to those in *In re J.M.* to require reversal here as well. Accordingly, we reverse the order terminating O.D.'s parental rights and remand the case. Our mandate shall issue forthwith. *See* TEX. R. APP. 18.6.

Per Curiam

---

trial court to determine whether O.D. is indigent and entitled to appointed appellate counsel. On remand, the trial court found O.D. indigent and entitled to appointed appellate counsel.